CASE 76—DAMAGES TO REAL ESTATE—JAN. 6.

## Hughes, Etc. v. General Electric Light and Power Company.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. EVIDENCE—SIMILAR DAMAGE TO OTHER PROPERTY.—In the trial of an action for damages against an electric light company for injury to plaintiff's realty by the operation of defendant's plant upon adjoining premises, evidence of similar damage to other adjacent property is incompetent.

2. SAME—LIMITING PLAINTIFF TO DAMAGE TO THE INSTITUTION OF THE ACTION.—In such an action it is not error to limit the testimony as to the alleged complaint to the date of the institution of the action, as plaintiff would not be estopped from bringing a new suit for such damages as she might suffer subsequently to the institution of the action.

3. TRIAL—READING DECISIONS TO THE JURY.—It is error for the court to permit an attorney of one of the parties to a case on trial to read to the jury an opinion of the Court of Appeals and to comment thereon over the objection of the adverse party.

4. MISCONDUCT OF OFFICER IN CHARGE OF THE JURY.—It is misconduct
of the sheriff who had been sent in charge of the jury to view
the premises, to instruct an employe of defendant to put on
steam with certain force so as to give to the jury a practical
exhibition of the operation of the works.

5. INSTRUCTIONS.—The court finds that there is no error in the in-
structions given to the jury.

6. SAME.—It was not error on the part of the court to fail to in-
struct the jury on the question of noise in the operation of the
plant, as the testimony conclusively shows that the noise com-
plained of was only the usual and ordinary one incident to a
careful operation of such plants.

GREER & REED FOR THE APPELLANTS.

1. On nuisance: 16 Am. & Eng. Ency. of Law, 944-54; Sutherland
on Damages, 3 vol., p. 2288, sec. 1045 (2d ed.); Kemper v.
Louisville, 14 Bush, 87.

2. On continuing damages: Sutherland on Damages, 3 vol., secs.
1050, 1051, 1042, 1043, 1044, 1045, 1046.

3. On examination of premises by jury: 27 Iowa, 503; People v.
Gallo, 149 N. Y., 106; 45 Cent. Law Journal, 196; People v.
Queen, 53 Cal., 60; State v. Lopey, 15 Nev., 407; Maynard v.
Knapp, 22 Minn., 5.

4. As to statement by counsel for defense. Crim. Code, sec. 517;
16 Ky. Law Rep., 805; 15 Ky. Law Rep., 400; Pringle v. Senn, 15
Ky. Law Rep., 325; Phillips v. Elizabethtown, &c., 15 Ky. Law
Rep., 574; 14 Am. St. Rep., 268; 5 Am. & Eng. Ency. of Law, 38.

HENRY BURNETT FOR APPELLEE.

1. The allegations of the answer are completely sustained by the
evidence in the case and the jury which was the sole judge of
the facts after hearing the testimony returned a unanimous ver-
dict in favor of appellees. This verdict ought not to be lightly
set aside.

2. The instructions were as favorable to the appellant as she was
entitled to claim. She was not entitled to damages up to the time
of the purchase of the property. Sedgwick on Damages, sec.
949, p. 67.

3. The instructions offered by defendant and refused by the court
were based on the law as laid down by this court in an opinion
in Louisville Coffin Co. v. Warren, &c., 78 Ky., 400; Pfingst v.
Senn, 94 Ky., 563.

4. The evidence of people living in the neighborhood that the opera-
tion of defendant's plant shook their houses and made the doors
and windows rattle was clearly incompetent and the court was
right in rejecting it.

Hughes, &c., v. General Electric Light and Power Company.

5. The court did not err in permitting the defendant to show that it intended to remove its machinery from the power plant where it then was to a lot on Second street. If this evidence had not been permitted, the court would have been justified in instructing the jury that they might find for the plaintiff under the instructions given not only past, but future damages to the property.

Further citations: 10 Ky. Law Rep., 685; Robinson v. Baugh, 9 Mich., ——; Rodes v. Dunbar, 57 Penn., ——; C. & O. Ry. Co. v. Gross, 19 Ky. Law Rep., 1926.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The appellant Kate E. Hughes became the owner, on the 11th day of June, 1895, of a dwelling house, and the lot of ground on which it was situated, in Paducah, Kentucky. The adjacent lot was occupied by the power house of appellee, who manufactured the electricity used in the operation of the Paducah Street Railway, and by the electric light company of that city.

On the 24th day of February, 1897, she instituted this suit against the appellee to recover a judgment for $2,000, for damages alleged to have been done to her property by the negligent and careless operation, both by day and night, of appellee's plant. She alleged that, after she became the owner of the house and lot, appellee extended its plant in the direction of, and in close proximity to her house, by the erection of additional boilers, engines, dynamos, and other heavy machinery used in the manufacture of electricity, that continuously large quantities of smoke and soot escaped from the smokestacks of appellee's plant, and was thrown upon her residence, greatly injuring its appearance, and destroying the wearing apparel used by the occupants who resided therein; that the operation of appellee's plant caused her residence to jar and vibrate, the plastering to crack, and the windows and doors to shake and rattle, and that it caused the water used in

the operation of the machinery to flow across and upon her lot, where it would stand, and gradually soak into the earth, making it unhealthy and offensive; that it had piled up hot ashes against her fence in vast quantities, and would throw water thereon, which caused obnoxious odors to be emitted therefrom,—all of which acts materially damaged the rental and salable value of her property.

Appellee controverted all of the affirmative allegations of the petition, and, the pleadings being made up, a trial resulted in a verdict and judgment for the defendant, and upon this appeal a number of alleged errors occurring upon the trial of the case in the court below are relied on for reversal.

First, it is complained that the court erred in refusing to permit plaintiff to prove that other dwellings in that vicinity were similarly affected. The plaintiff sought in this action to recover damages for injuries to her house, and it is the effect upon that house, and not others, that was properly the subject of investigation. Even if it had been shown that the operation of appellee's plant had the effect to damage other property in the neighborhood, that would have been no ground for recovery in this case, and the court properly limited the inquiry to the effect upon the property of appellant.

Another ground of objection is that the court allowed appellee to plead and prove that it had determined to move the machinery from its plant from the lot adjacent to appellant during the next spring, and confined the proof to the damages to her property between the date of its acquisition and the institution of this suit.

A subsequent purchaser of premises injured by a nuisance erected previous to his purchase has no remedy for the injury thereto occasioned by such nuisance previous

to his acquisition thereof.   (See 3 Sedgwick on Damages, section 949.)

And the general rule is that a plaintiff can only recover compensation for injury to real estate done up to the commencement of his action, unless the injury complained of is of a permanent and enduring character. In that instance, it has been frequently held by this court that a single recovery might be had for the whole injury, as a result of the acts complained of. But in this case it is both pleaded and proven by appellee that it intended to remove its power house within a short time, thus effectually abating the alleged wrongs and injuries complained of. Under this state of the case, we think the court did not err in limiting the testimony, as to the alleged grounds of complaint, to the date of the institution of the action, as appellant would not be estopped from bringing a new suit for such damages as she might suffer subsequently to the institution of this action.

Another ground of complaint is that the attorney of appellee was permitted to read to the jury in his statement of the case the opinion of this court in the case of Louisville Coffin Co. v. Warren, 78 Ky., 400, and comment thereon, over the protest and objection of appellant.

Section 317 of the Civil Code of Practice, and subsections thereunder, prescribe the order of proceeding in the trial of a case before a jury. Subsection 1 says: "The plaintiff must briefly state his claim and the evidence by which he expects to sustain it." Subsection 2 says: "The defendant must then briefly state his defense and the evidence he expects to offer in support of it."

The purpose of the Code, in permitting these statements

to be made to the jury, is that they should have a distinct
understanding of the issues of fact which they are to try,
at the beginning of the trial, and of the evidence upon
which both parties expect to rely to support their respec-
tive contentions, and it is not proper for attorneys to
discuss in these statements the law applicable to the
case.    The Code makes it the duty of the judge to in-
struct the jury as to the law, after the evidence has been
concluded.

The case of Louisville Coffin Co. v. Warren, 78 Ky., 400,
was a proceeding in equity, in which the plaintiff sought to
obtain an injunction to restrain the commission of an al-
leged nuisance, caused by the issuing of smoke, soot, and
cinders from the smokestack of defendant's factory; and
the rules of law governing the determination of a proceed-
ing of that sort are wholly different from those applica-
ble to an action for damages, like this, and the reading
of the opinion in that case, and commenting upon it, to
the jury, in the statement by appellee's attorney, was cal-
culated to mislead, and give them a false impression of
the law governing this case.    And the fact that the court
informed appellant's attorney that, if he had any case he
desired to read to the jury, he might do so, did not help
the error.    Plaintiff's attorney had already concluded his
statement to the jury, and if he were permitted, after the
close of the statement by defendant's attorney, to reopen
his statement, the defendant might, with equal propriety,
have asked for similar indulgence.

Another ground relied on for reversal is that the sher-
iff, who conducted the jury to view the premises, had a
conversation with an employe of appellee, who was in
charge of the works, and instructed him to put on steam
with certain force, so as to give to the jury a practical
exhibition of the operation of the works.

Section 318 of the Civil Code expressly provides that, where it is proper for the jury to view the property, they shall go under the charge of an officer to the place, which shall be shown to them by some person appointed by the court for that purpose, and while they are thus absent no person, other than the person so appointed, shall speak to them on any subject connected with the trial.

The exhibition of the manner of conducting this plant, suggested by the sheriff, whilst the jury were viewing the premises, was in the nature of evidence submitted to them in the absence of appellant and her counsel, and might have been highly prejudicial, as it was possible for the employes of appellee, at this suggestion of the sheriff, to have given only a modified exhibition of the manner of operating the plant, and thus to have improperly influenced them.

Complaint is also made of the instructions, but, from a careful examination of them, we are of the opinion that they correctly state the law applicable to the facts submitted to the jury. No additional instructions were asked by appellant at the time, and we are of opinion that she was not entitled to any.

The injury from the flow of water, complained of, seems, from the testimony, to have been so inconsequential as not to be important; and the court did not err in failing to instruct the jury on the question of noise in the operation of the plant, as the testimony shows conclusively that the noise complained of was only the usual and ordinary sound incident to a careful operation of such plants.

But, for the errors complained of, the judgment is reversed, and cause remanded for a new trial consistent with this opinion