## Mountain Water Company v. Davis.

(Decided June 9, 1922.)

### Appeal from Pike Circuit Court.

1. Damages—Failure of Water Company to Furnish Sufficient Pressure—Fires—Pleading.—In an action by a citizen to recover for the loss of his property by fire because of the failure of a water company to furnish sufficient pressure, it is necessary for plaintiff to prove not only the failure of the water company to comply with its contract with the city but the further fact that his property was lost as a proximate result of such failure. If, therefore, the testimony shows that the city, or the one whose duty it was to do so, failed to furnish the necessary hose, tools, equipment and apparatus with which to put the water on the fire, or that there was an insufficient and incompetent effort to do so because of the inefficiency of those attempting it, then in either of those instances no recovery can be had regardless of the amount of pressure, since in that event the loss and injury would result from a cause wholly disconnected from any duty of the water company.

2. Damages—Failure of Water Company to Furnish Sufficient Pressure—Pleading.—A petition in this character of action should allege the duties of the water company under its contract with the city and a violation of them and where the contract requires only a designated pressure of water it can not be held responsible for its failure to furnish a greater pressure than that.

3. Appeal and Error—Demonstration of Pressure of Water Company.—It was error for the court, over defendant's objections, to permit a demonstration before the jury of the use of the hose and other apparatus in throwing water, since the conditions necessarily could not be reproduced.

4. Damages—Failure of Water Company to Supply Pressure.—It is no defense in a suit of the character named that the city had failed to promptly pay the water company its rentals as agreed to in the contract, since, if defendant elected to continue to operate its plant after default in payment, it must do so under the obligations imposed by the contract.

AUXIER, HARMON & FRANCIS for appellant.

STATON & STUMP for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

By this action filed in the Pike circuit court by appellee and plaintiff below, Phoebe Davis, against appellant and defendant below, Mountain Water Company, plaintiff sought to recover from the defendant the sum of $3,000.00 as damages because of its failure to furnish sufficient water pressure, as required by its franchise con-

tract with the city of Pikeville and under which it had constructed a system of water works therein, to extinguish a fire which destroyed a house owned by plaintiff on September 20, 1919.

Defendant, in its answer, denied the allegations of the petition and affirmatively pleaded that it was maintaining at the time in its water mains the pressure required by the franchise contract. It also pleaded that the city had failed to comply with that contract by not paying for the preceding two years the agreed rental for the public fire hydrants located in the city. Appropriate pleadings made the issues and upon trial there was a verdict and judgment in favor of plaintiff for the sum of $1,000.00, and defendant's motion for a new trial having been overruled, it prosecutes this appeal.

The court properly ignored the plea as to the failure of the city to pay the water rental, since defendant's continued operation of its plant after that time was a waiver thereof and it became its duty to operate the plant in the manner it had agreed to do as long as it attempted to do so. The remedy for such failure cannot be found in excusing it from liability in this character of case when it elected to continue the operation after the city's default.

A number of errors are relied on for a reversal, but we think it only necessary to consider and determine the one overruling defendant's motion for a peremptory instruction at the close of plaintiff's testimony, the grounds for which were not weakened but rather strengthened by defendant's testimony at the close of which the motion was again made and overruled, and others mentioned below.

Contrary to the holding of the great majority of courts, we have held since the opinion in the case of Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky. 340, 25 Am. St. Rep. 536, 7 L. R. A. 777, that a citizen may sue in such cases to recover damages produced by fire and sustained by him for the failure of the water company to furnish the quantity of water and pressure required by its franchise contract. Notwithstanding that right, however, a recovery cannot be had unless there is evidence in the case to establish the necessary facts therefor. It was alleged in the petition in this case (which was necessary to make it good), that within sufficient time to extinguish the fire before it reached plaintiff's house (it having originated in an adjoining one), the Pikeville voluntary fire department with all necessary hose and

other equipment sufficient for the purpose arrived upon the scene and that because of insufficient pressure the fire could not be and was not extinguished.

The answer put in issue those allegations and we are convinced that plaintiff wholly failed to establish them by the testimony she introduced. She and one or two other witnesses testified that a private service hydrant attached to only a ¾-inch pipe and which served some several families did not furnish the usual pressure after she discovered her house on fire, but she failed to prove by any one that there was such an organization as even a voluntary fire company. On the contrary, the testimony of the witnesses show that on such occasions it was the universal custom for any one present, and who saw proper to assist, to undertake to manage the hose and extinguish the fire. Only about two witnesses at the outside testified that they were at the nozzle of the fire hose on the occasion in question and that there was insufficient pressure, but plaintiff's witnesses testified that there was only one line of hose brought to the scene and a section of it broke immediately upon the turning on of the water, requiring some 15 or 20 minutes to take it out and repair it, or take it out and connect the remaining two sections of the hose. In addition, it was also proven that for quite a while after the hose was carried to the fire no wrench could be found with which to turn on the water, and it was between 10 and 20 minutes before one was found. No one testifie to having turned on the water to its full capacity and the testimony as a whole is quite convincing that there was only a feeble and insufficient effort on the part of those attempting to do so to extinguish the fire, whether they were regular members of the voluntary fire department or volunteers for the occasion. Moreover, the evidence not only fails to show reasonably sufficient equipment to throw the water on the fire, but, on the contrary, it shows an absence of such equipment, as well as absence of competent man force to handle the equipment.

Defendant's contract did not require it to do more than furnish the requisite pressure in its pipes. It was not even required to construct or maintain public fire hydrants and certainly it could not be made liable if it had sufficient pressure, but the loss resulted from insufficient application and use of it. It is furthermore a well-known principle that no one can be made liable unless his fault or dereliction was the proximate cause of the injury. This principle has been so often reiterated as not

to require the citation of cases supporting it. Under it the defendant in this case would not be liable, although there was insufficient pressure, if the city was not prepared through the assistance of some kind of reasonably competent fire department as well as suitable tools and other apparatus with which to apply the water to the fire, since the want of such preparation would be the proximate cause of the loss rather than the insufficient pressure.

In 40 Cyc. 810, the text, in discussing the right of a citizen to recover in this character of case in those jurisdictions where it is permissible, says: "The complaint in an action based on the negligence of a water company must show the existence of such negligence, and that it was the proximate cause of the injury complained of. Plaintiff has the burden of proof as to matters necessary to his recovery. . . . When the facts are controverted, the question of defendant's negligence is for the jury, who must also decide whether such negligence was the cause of the injury." In a note to the text it is said: "But there can be no recovery against the company where it appears that the apparatus of the fire department was insufficient to extinguish the fire." The same rule would necessarily apply where there was a failure to show the necessary service to extinguish the fire. And so, in the case of Owensboro Water Co. v. Duncan's Admrs., 17 Ky. L. R. 755, which was a case of this same nature, it was held that plaintiff could not recover for the reasons hereinbefore stated, the court saying:

"Now the evidence tends strongly to show that this fire department was but imperfectly manned, having but three men, or at most but four, on duty that night, and that these were manifestly unable to manage the hose in an efficient manner. True it is testified that they were assisted by volunteers, but these were at best but inefficient and inexperienced, and subject to no sort of control or discipline by the chief of the fire department; and the evidence shows beyond all question that two separate, distinct sections of the hose then being used that night, and at the instant that the attention of the chief of the department was directed to the danger of this building, and, when they were attempted to be turned on this building of plaintiff, burst, and were for the time being of no use until repaired. This fact further demonstrated that the pressure by the pumps was greater than the hose in use by the fire department could bear, thus clearly demonstrat-

ing that, whatever might have been the supply of water or the pressure furnished by the water company, it was wholly unavailing. And yet, in the face of this undisputed testimony, evidence (if it may be so called) consisting of the mere opinions of the bystanders was taken and heard by the jury, to the effect that if the water supply had been sufficient and the pressure stronger the fire could have been extinguished and plaintiff's property saved, making this matter of speculation pure and simple, and by it plaintiff seeks to pass this intermediate agency, and its default and failure clearly shown, and go on to the remote agency of the water company. Such testimony, we think, prejudicial to the rights of the defendant.''

The proof in this case, upon the issue of the existence of a fire department and the proper manning of it, and upon the city furnishing proper, necessary and sufficient tools and apparatus to throw the water from the hydrant on the fire, fell far short of showing a right of recovery and under the record as made up it was the duty of the court to sustain the motion for a peremptory instruction.

Another ground for reversal is that the court erred in having the jury to witness a demonstration of the throwing of water from the same hydrant at the same place with the same pressure that defendant proved it had on the occasion of the fire. Manifestly, this demonstration from its very nature was entirely different from a view of premises having a more or less fixed condition, which practice is sometimes indulged in at trials. It would be impossible to gather the same men to handle the same or similar hose in the same way in a demonstration like that, as was done on the night of the fire, and from many standpoints it would be impossible to reproduce the same conditions or anything like the same performance. The action of the court, therefore, in allowing such demonstration over the objections of defendant, was wholly unauthorized as well as prejudicially erroneous, and if objected to it should not be repeated on another trial.

Complaint is furthermore made of the insufficiency of the petition which alleged in general terms that defendant failed to furnish sufficient water to extinguish the fire, when, under its contract, is was only required to furnish water up to a named pressure, which, under its proof, it did on the occasion of the fire. We think the petition, in order to conform to the correct rules of pleading, should have set out the duties of defendant under the contract and if the facts authorized it to negative the per-

formance of those duties followed by the further allegation that by reason thereof the injury sued for occurred. If plaintiff, upon a return of the case, desires to amend her petition she should be allowed to do so, otherwise the demurrer filed to it should be sustained and an order entered dismissing it upon failure to amend.

Wherefore, the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent herewith.