# Louisville & N. R. Co. v. Utz.

March 17, 1944.

Woodward, Dawson Hobson for appellant.

Ogden, Galphin, Tarrant and Street for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellee, Curtis W. Utz, a railway mail clerk, suffered injuries to his back when he was thrown to the floor of the car in which he was at work by a collision of the train. The Railroad Company admitted its liability, but denied the amount of damages alleged. The trial was confined to that issue. The verdict was for $2,530.27, of which $530.27 was apparently special damages for lost time and doctors' bills and supplies.

We are of opinion that the award for personal injuries is a liberal one, but not so excessive as to require a reversal of the judgment upon that ground.

The plaintiff had not worked during a period of 52 days because of his injuries, as he claimed. He had been paid his salary for 27 of those days under a rule or regulation of the postal authorities which gave him that much time allowance as sick leave. The defendant did not deny its liability for the lost time notwithstanding. But in arguing the case before the jury its attorney referred to the fact he had collected his salary and insisted that the injuries sustained by the plaintiff were not such as made it necessary for him to lay off from work for so long a time and that he did so because he was receiving his salary. Plaintiff's counsel objected to this line of argument, and in a colloquy with the court the following was said:

"The Court: The jury will not consider these statements [as to his salary]. The instructions cover the law of this case. You have to use your head; that is what you are here for. Of course, the lawyers on both sides have the right to argue and make deductions from the evidence.

"Mr. Hobson: I want your Honor to answer this question for me, if you will: Do I have the right to argue that from the fact that Mr. Utz received twenty-seven days anyway that that was the reason for his not working, as against his testimony that he did not work because he was not able to? Is that a proper argument?

"The Court: That is a proper argument, but the jury don't have to believe that."

The statement was made to the attorney under the impulse of the colloquy, yet the jury is presumed to have heard it since it was made in their presence. Doubtless the expression that the jury did not have to be-

lieve the argument was made without thinking of the possible effect. It seems to us, however, that it was capable of doing so. In this jurisdiction we have gone far from the common law practice in which the court charged the jury and commented upon the weight of the evidence. It is a rule, strictly observed, that the weight to be attached to any part of the evidence is exclusively for the jury where there is any contradition. Of course, the jury did not have to accept the argument, but we fear the remark of the court that the jury did not have to believe the argument had the effect of telling them that he, the Judge, did not believe the deductions were sound. The long record of the distinguished Trial Judge has shown an appreciation of the necessity for caution in remarks and admonitions with reference to the evidence and argument because he doubtless realizes that a jury has great confidence in the Judge and ordinarily attaches considerable weight to his views. Strange v. Commonwealth, Ky., 63 S. W. 980; Searcy v. Commonwealth, 188 Ky. 422, 222 S. W. 513; City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S. W. 1064; Epperson v. Commonwealth, 227 Ky. 404, 13 S. W. (2d) 247. If it did not relate directly to the only issue in the case, namely, how much the injured man was entitled to recover, and were the verdict not so liberal, the inadvertent remark would be regarded as harmless. But under the conditions, we are of opinion that it prejudiced the substantial rights of the defendant.

Wherefore the judgment is reversed.

Whole Court sitting.