## MARTIN v. TIPTON.

## HUGHES v. TIPTON.

Court of Appeals of Kentucky.

Oct. 30, 1953.

Edward L. Allen, Prestonsburg, O. J. Cockrell, Jackson, for appellants.

Williams & Allen, James S. Hogg, Jackson, J. Douglas Graham, Campton, James M. Graves, Jackson, Boehl, Stopher, Kilgarriff, Graves & Deindoerfer, Louisville, for appellees.

MOREMEN, Justice.

These two actions arose from an accident in which Thomas J. Martin, Jr. was killed and Billy J. Hughes was injured. The collision occurred between a car operated by Thomas Martin, Jr.—in which Billy J. Hughes was a passenger—and a truck owned by appellee, W. H. Tipton, and operated by his agent. The actions were tried together and, upon agreed order, have been heard and tried together in this court.

The question presented for determination on this appeal concerns whether or not certain incidents, which occurred when the jury viewed the scene of the accident, were prejudicial to appellant's substantial rights.

At the trial, the evidence was conflicting and, upon motion of all parties, the court permitted the jury to view the place of the accident in accordance with Section 318 of the Civil Code of Practice.

The happenings at the scene are set out in the bill of exceptions in the following language:

"* * * that the jury was taken to the scene of said accident by the

Judge of the Breathitt Circuit Court and deputy sheriffs selected for that purpose; that at the scene of the accident the witness for the defendant, Gene Shaver, at request of counsel for defendant, was permitted to go in the presence and hearing of the jury and to point out to the jury and to state to the jury where he said that he started to pass the log truck belonging to Amos Graham, and where the place was he said that he again got back over on his right side of the highway; that at said time the plaintiff by counsel objected to the witness pointing out or stating to the jury such facts as claimed by him, and that the court overruled said objection * * *."

Section 318 of the Civil Code of Practice reads:

"Whenever, in the opinion of the court, it is proper for the jury to have a view of real property which is the subject of litigation, or of the place in which any material fact occurred, it may order them to be conducted in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent no person, other than the person so appointed, shall speak to them on any subject connected with the trial."

Of this section, in Meier v. Weikel, 59 S.W. 496, 497, 22 Ky.Law Rep. 953, this observation was made:

"It will be observed that this section only authorizes the jury 'to have a view of real property which is the subject of litigation, or of the place in which any material fact occurred.' It is the place, and the place only, that the court is authorized to send the jury to see."

In a number of cases, Hughes v. General Electric Light & Power Co., 107 Ky. 485, 54 S.W. 723; Mountain Water Co. v. Davis, 195 Ky. 193, 241 S.W. 801, it has been held that a demonstration of equipment at the scene of the accident is improper because of the difficulty in reproducing the exact conditions which existed at the time of the accident and, also, in some cases, because all parties and counsel were not present.

We have found no case directly in point and are inclined to the belief that the occurrences at the place of the accident, standing alone, might not be prejudicial error because all the court officials, with the exception of the reporter, and all parties and counsel were present at the time Shaver, who was the driver of the truck for appellee, was permitted to designate the spot where he started to pass another truck and the place where he said he got back on his right side of the highway and, at the trial, he had theretofore testified and had been subject to cross-examination concerning these same facts. But the testimony given by Shaver at the place of the accident was unduly emphasized by a remark of the trial court made at the end of the final argument in the case. He said this to the jury at that time: "Gentlemen of the jury, you know what the evidence was in this case, you saw this boy point out there at the scene of the accident and they told you how it happened, don't let these arguments mislead you, I don't know that it will."

In Louisville & N. R. Co. v. Utz, 297 Ky. 70, 178 S.W.2d 958, plaintiff's counsel objected to a line of argument being made by defendant's counsel and during the colloquy between the court and the defense lawyer, the court made this statement: "That is a proper argument, but the jury don't have to believe that." It was held that this statement by the trial court made under impulse during the exchange between him and counsel was error. Likewise, in the case at bar, we believe that the testimony of Shaver given at the scene of the accident coupled with the statement made by the court immediately before submission of the case to the jury was prejudicial error to the substantial rights of appellant.

The judgment is reversed.