Huleon **KEENEY** et al., Appellants,

v.

**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellees.**

Court of Appeals of Kentucky.

Feb. 3, 1961.

As Modified on Denial of Rehearing
May 12, 1961.

John G. Prather, Somerset, for appellants.

F. D. Curry, Dept. of Highways, Frankfort, for appellees.

STANLEY, Commissioner.

This is a proceeding to condemn 1.64 acres of land for the widening of a highway.

The judgment in the Pulaski County Court entered May 22, 1958, confirmed an itemized award of commissioners of $2,202. The Department of Highways seasonably filed exceptions and an appeal to the circuit court. KRS 177.087. On June 10 the property owners, Huleon Keeney and wife, filed an "Answer and Counterclaim" in which they asserted that the county court award was fair and reasonable and prayed that the Commonwealth's appeal be dismissed. On July 16 the owners filed an "Amended Answer and Counterclaim" in which they alleged that $8,690 was the fair value of the land taken and incidental

damages to the remainder of their property. They prayed judgment for that sum. On the trial in the circuit court the verdict was for $1,770. The landowners seasonably filed notice of an appeal to this court, which they have prosecuted as being an appeal of right. KRS 21.060(1).

▮▮▮▮ The appellees moved to dismiss the appeal for want of jurisdiction because the amount involved is the difference between the county court judgment of $2,202 and the circuit court judgment of $1,770, i. e., $432, and the appellants had no motion for an appeal, as required by KRS 21.-060(2). The contention rested upon our ruling that where the condemnee does not appeal or cross-appeal from the county court judgment, he cannot claim more than was awarded in the lower court. See Bullitt v. Commonwealth, Ky., 298 S.W.2d 290; Bennett v. Commonwealth, Ky., 322 S.W.2d 706; Commonwealth v. Mayo, Ky., 324 S.W.2d 802. We have overruled the appellees' motion to dismiss since the judgment should be considered with the pleadings, Rutherford v. Modern Bakery, Ky., 310 S.W.2d 274, and the appellants had pleaded a right to recover $6,483 more than the county court judgment in their favor.

▮▮▮ Should the pleading styled "Amended Answer and Counterclaim" be regarded as tantamount to a cross-appeal and exceptions to the award made by the commissioners, it was filed 85 days after the county court judgment. The statute permits and requires such an appeal to be made within thirty days after the judgment. KRS 177.087. See Commonwealth, Dept. of Highways v. Clarke, Ky., 340 S.W.2d 442. The circuit court should have stricken or disregarded the pleading or attempt to cross-appeal because it was too late, with the result that the landowners were not entitled to claim more than $2,202, the amount of the county court judgment. See cases cited above.

We come to the question of whether there was error in the trial or the verdict was inadequate by $432.

The statute prescribing proceedings for condemnation of property for public highways, KRS 177.087, provides that the jury, upon the application of either party, "shall be sent by the court, in the charge of the sheriff, to view the land and material." See Commonwealth, Dept. of Highways v. Farra, Ky., 338 S.W.2d 696.

After the evidence was concluded, the court told the jury he was having them view the premises and stated "there will be a man accompanying you who is an engineer, and who knows the measurements, the cuts and fills, knows the location of these entrances and approaches into the various parts of the tract, the approaches made necessary by the building of this four lane highway. Now, you won't be allowed to talk among yourselves at all about the case. This engineer will be confined solely to showing you the vital points, the points that have been developed in this evidence, that is for the purpose that you may better understand the evidence and measurements, the reasons of the evidence offered, anything for that purpose. * * * Now, if any juror—if there is any point of the evidence, any part of the premises that you desire to see or any cuts or any fills or the approaches or any particular characteristic of the land described, the swamp land, why then you can ask this engineer to show you and you will be limited to that, asking him to show you that point as shown in the evidence."

The record recites, "Mr. Forrest Roark is sworn by the court." The terms or purpose of the oath are not revealed. Mr. Roark had testified that he was "senior right of way agent" of the Department of Highways in the district. He defined the plans for the widening and construction of the highway over the property being condemned and described its characteristics, terrain and effect of the drainage to be made.

The defendants' attorney entered an objection to the directions of the court that the jury might receive information and

evidence from Mr. Roark "outside the presence of the court and counsel for the parties." The objection was overruled.

Under the provision of KRS 29.301 (formerly Civil Code of Practice, § 318), which is of general application, the court in its discretion may order the jury as a body to be conducted to real property which is the subject of litigation "under the charge of an officer" and the property or place to be "shown to them by some person appointed by the court for that purpose." While KRS 29.301 does not apply to the trial of general eminent domain proceedings (for the subject is covered by KRS 416.050, formerly § 839, Ky.Stats., which is the general or railroad condemnation statute, Kentucky & W. Va. Power Co. v. Saulsbury, 231 Ky. 788, 22 S.W.2d 281) the construction of that statute, KRS 29.301, as well as of KRS 416.050, is of influence here. The provision of KRS 29.301 requires that an officer of the court shall accompany the jury, while the provision of KRS 177.087 is specific that it shall be the sheriff.

As pointed out in Commonwealth, Dept. of Highways v. Farra, Ky., 338 S.W.2d 696, the courts are not in harmony as to the purpose of having the jury view the premises in an action for the taking or damages. Various specific and indicative expressions in our opinions are to the effect that the purpose of a view by the jury of premises or objects involved in the case is to acquaint the jury with the scene or object to enable them to comprehend and more intelligently understand the evidence introduced in the courtroom. The view or inspection is supplementary. Husbands v. Paducah & I. R. Co., 186 Ky. 294, 216 S.W. 840; Owings v. Talbott, 262 Ky. 550, 90 S.W.2d 723; Fitzhugh v. Louisville & N. R. Co., 300 Ky. 509, 189 S.W.2d 592.

■■ It is elementary that members of the jury are to be kept free from outside influences during the trial and may not receive any evidence other than that prop-erly presented during the course of the trial, although it is not improper for some-one, in the presence of the officer, to point out the locality or the property to be seen and that only. Maysville & B. S. R. Co. v. Trustees of the Dover Christian Church, Ky., 18 Ky.Law Rep. 1111, 39 S.W. 35; 53 Am.Jur., Trial §§ 447, 449.

We have held it improper for an employee of a party to an action to demonstrate for the jury while it is viewing the premises, machinery to which the suit related even though it was done under the direction of the sheriff having charge of the jury. This was regarded as being "in the nature of evidence submitted to them in the absence of appellant and her counsel, and might have been highly prejudicial, as it was possible for the employes of appellee, at this suggestion of the sheriff, to have given only a modified exhibition of the manner of operating the plant, and thus to have improperly influenced them." See also Hughes v. General Electric Light & Power Co., 107 Ky. 485, 54 S.W. 723, 724; Meier v. Weikel, 22 Ky.L.R. 953, 59 S.W. 496; Louisville R. Co. v. Hallahan, Ky. 119 S.W. 200; Mountain Water Co. v. Davis, 195 Ky. 193, 241 S.W. 801. And we have held that it was error for the driver of a motor vehicle involved in an accident to point out places about which he had testified although it was done in the presence of all the court officials (except the reporter) and all parties and their counsel. Martin v. Tipton, Ky., 261 S.W. 2d 809.

■ The statute is specific that the jury shall be accompanied by the sheriff. While the record does not affirmatively show that the sheriff or a deputy did so, on a presumption of regularity, we cannot say no officer did so on this occasion. But we think it was improper for the court to send along a material witness for the state with directions that he show the jury "vital points" developed in his evidence. The jurors were expressly permitted to ask the witness, out of the courtroom and in the ab-

sence of the judge and counsel, to show them particular parts of the property, and, in effect, how and to what extent the property would be changed by the highway construction. It is true that the record is silent as to what actually occurred at the place, but it may be reasonably assumed that the witness and the jurors took advantage of the court's express permission.

The judgment is reversed.