**TEXAS GAS TRANSMISSION CORPORA-TION, Appellant,**

**v.**

**James ROSE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 22, 1963.

Peter, Heyburn & Marshall, Gavin H. Cochran, Samuel R. Wells, Louisville, H. Elliott Netherton, LaGrange, for appellant.

Philip P. Ardery, Louisville, for appellees.

WADDILL, Commissioner.

The Texas Gas Transmission Corporation instituted this proceeding under the provisions of KRS 278.502 and 416.230 to condemn a second pipeline easement across the farm owned and occupied by J. W. Rose and his wife. On August 24, 1959, a judgment was entered by the Trimble County Court confirming the report of the Commissioners awarding the landowners $6,000. The company filed its appeal in the Trimble Circuit Court within the 30-day period allowed by KRS 416.280 alleging that the award was excessive. The landowners did not appeal but they did file an answer in the circuit court on September 25, 1959, the 32nd day after the date of the county court judgment, claiming that the award was inadequate with respect to the value of the easement and as to the damages to the remainder of the farm. The case was tried in the circuit court as if both parties had appealed and the landowners recovered a verdict and judgment of $6,495.

■ Since the landowners failed to file an appeal within 30 days after the county court judgment, the circuit court jurisdiction was limited to the question raised by the company's appeal as to whether the county court award was excessive, and the maximum award the landowners could recover in the circuit court was $6,000, the amount of the county court judgment. Commonwealth, Department of Highways v. Berryman et al., Ky., 366 S.W.2d 525; also see Keeney v. Commonwealth, Department of Highways, Ky., 345 S.W.2d 481, and Commonwealth, Department of Highways v. Clarke, Ky., 340 S.W.2d 442.

■ The company has appealed from the circuit court judgment contending that it was deprived of a fair trial. It is argued that the witnesses introduced in behalf of the landowners lacked sufficient qualifications to express an opinion as to value of the land involved and also that there was no reasonable basis given upon which to rest their unrealistic estimates of value and damages. One of the landowners testified that he was generally acquainted with the value of land in Trimble County from observing the sales of property and from being specifically informed of the price paid for two farms which were sold during 1959. This witness valued the 5.4 acres being condemned for the easement at $5,400 and he assessed the damages to the remainder of his 125 acres at $6,200. M. R. Maxey, who graduated from the University of Kentucky with a degree in Agriculture and who had been serving as the Trimble County Agricultural Agent for the past seven years, testified that he was familiar with the Rose farm and that its fair market value immediately before the present easement was taken was $26,000 and that its value immediately after the easement was taken was $15,750. Several other witnesses, including a building contractor and an employee of the Soil Conservation Service

who were familiar with the property involved in this proceeding, expressed opinions concerning the value of the land within the easement and resulting damage to the property which would support a larger verdict than the one returned in this case. While some of these estimates seem rather high, we do not agree with the company's contention that the testimony of the witnesses for the landowners was without probative value. In reaching this conclusion we necessarily hold that these witnesses had established their qualifications and that they had given acceptable reasons for their estimates.

 It is next contended that the court erred in rejecting the testimony of the county tax commissioner concerning the valuation the landowners had recently placed on their farm for tax purposes. Apparently the trial court excluded his testimony because there had been no change made in the valuation of the Rose farm subsequent to the reassessment made by the Commonwealth during 1953. Since it was shown that the landowners had signed the 1959-assessment list containing the valuation of their property they will not be heard to say that they have not fixed its value themselves. Commonwealth, Department of Highways v. Rankin, Ky., 346 S.W.2d 714. Evidence of the valuation placed on their property by the landowners for tax purposes was an important factor which the jury should have been permitted to consider in arriving at a proper verdict. Consequently, the exclusion of it was prejudicial. Commonwealth, Department of Highways v. Lanter, Ky., 364 S.W.2d 652.

We find no merit in the other contentions raised by the company.

The judgment is reversed with directions to grant a new trial.