## Hines et al. v. Carr et al.

Dec. 3, 1943.

Joseph S. Freeland for appellant.

C. H. Lowry and John E. Kirksey for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

The appellant, Bessie Hines, and the appellees, Lillie Carr and May Shaffer, were the owners of a tract of land near Paducah containing approximately 16 acres. Mrs. Carr and her husband filed this action against the other joint owners for sale and division of proceeds pursuant to section 490 of the Civil Code of Practice. Mrs. Shaffer filed an answer admitting indivisibility and joined in the prayer of the petition. The appellant answered, denying indivisibility, and pleaded affirmatively that the property could be divided into three parts or shares of equal value, praying that this be done and for other proper relief.

Proof was heard on the issue as to whether the land could be divided into three equal shares without materially impairing the value of the land or of the plaintiff's interest and the chancellor adjudged that it could not and ordered it sold. This appeal is from that judgment.

Counsel for the appellant, who had no connection with the case in the trial court, without challenging the correctness of the finding that the property could not be divided into three parts without materially impairing

the value of the remainder takes the position that a false issue was raised, tried and decided; that the real issue in an action of this character, where one of the joint owners resists a sale and insists on a division, is not whether the land can be divided into as many shares as there are interests but whether the share of the objecting party can be laid off without impairment of the value of the remaining interests. It is also insisted that the prayer of the appellant's answer that the land be divided into three equal parts and for all proper relief necessarily included a prayer that her one third interest be separated into a single tract and set apart to her. Consequently, it is contended, the chancellor, regardless of the issue raised by the pleadings and to which the evidence was directed, should have adjudged that the appellant's one third share be laid off to her and was in error in ordering a sale of the whole.

There is no doubt as to the correctness of the general rule advocated by counsel for the appellant that in the ordinary case a joint owner objecting to a sale may have his share set apart if that can be done without materially impairing the value of the remainder, and a sale of the shares of those desiring it may be ordered. Section 494, subd. 7 of the Civil Code of Practice so provides and the cases of Whitefort v. Barron, 291 Ky. 712, 165 S. W. (2d) 545, and Owings v. Talbott, 262 Ky. 550, 90 S. W. (2d) 723, and cases therein cited, all of which are relied on by the appellant, in construing the code provision make clear beyond doubt the general principle advocated by the appellant's counsel. But in each of those cases the joint owner objecting to the sale pointed out to the court by pleadings, and introduced evidence to show, that his share could be allotted to him and the remainder sold without impairing the value of the remainder.

Not only was there a failure in the case at bar to make such a showing by pleading and proof, but the appellant raised a false issue and directed her evidence thereto—she did not content herself with denying the allegations of the petition but actively introduced the false issue by pleading and followed it up with proof.

Without determining whether it is incumbent on a joint owner, in the ordinary case, to plead specifically that his share can be set apart from the remainder and the particular method of separation and division, as was

done in the cases cited, it is our opinion that in the circumstances existing here the appellant is in no position to make the complaint she now makes as to the judgment. Having created a false issue by her pleading and having directed her evidence thereto, she is in no position, when the court decided that issue correctly, to complain because the court did not penetrate the smoke screen thrown up by her and arrive at a correct decision of what might be regarded as the true issue when viewed in the light of the niceties of technical pleading. The situation is somewhat analogous to the failure of a party to make an objection. The purpose of an objection is to call a matter to the court's attention that it may have opportunity to consider the question and rule thereon. The framers of procedural rules have never attributed legal omniscience to judges but such rules are rooted in a realization of human fallibility and failure to accord the court an opportunity to rule on a question is ordinarily regarded as a waiver of error with reference thereto. An exception to a final judgment (there being no exception in this case) is not a prerequisite to an appeal, as we have frequently decided, but this rule presupposes that the court was accorded an opportunity to rule on questions vital to a decision of the case during the progress of the trial and where a party, as here, not only fails by pleading to focus the attention of the court on the true issue, but actually creates a false issue, he should not be heard to complain when that issue is correctly decided.

Affirmed.