## Applegate et al. v. Johnson.

January 20, 1948.

William H. Field, Judge.

S. J. Stallings, T. C. Carroll and Charles B. Zirkle for appellants.

Gene Sims and Charles E. Peyton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellee, Patrick Johnson, sustained an injury when he was struck by an automobile driven by the appellant, Charles Applegate, about 7:30 p. m. on June 15, 1945, as he was walking on a highway in Jefferson County. The other appellant, Mrs. Catherine Applegate, was the owner of the car. According to Mr. Johnson, the Applegate car struck him from the rear as he and his son were walking along the shoulder of the highway on the right-hand side. The appeal is from a $1250 judgment in favor of Mr. Johnson.

It is urged that (1) the court committed reversible error in refusing to permit the appellants to read Mr. Johnson's deposition which was taken as if on cross examination, notwithstanding the fact he was present and testified at the trial, and (2) the first and second instructions given to the jury were erroneous.

In the case of Louisville & N. R. Co. v. McCoy, 261 Ky. 435, 87 S. W. 2d 921, it was pointed out that the same rule relating to the deposition of a witness taken as if on cross examination does not apply to such a deposition of a party to an action. It was held in that case that, if the party is a competent witness, his deposition may be used, even though he be present and testify at the trial. The record shows that the trial judge acted in defiance of the rule stated in the McCoy Case, though he did offer the appellants the opportunity of pointing out to the jury contradictory statements in the appellee's deposition and his testimony given at the trial. Counsel for the appellants point out that they desired to read Mr. Johnson's entire deposition because his testimony given therein was not as certain and specific as that given at the trial. They contend that the discrepancies could not have been presented properly to the jury without a complete reading of the deposition.

An examination of the appellee's deposition and his testimony given at the trial shows material differences in respect to the distance from a curve to the point of accident, the distance an approaching or oncoming car had passed him before he was struck by Mr. Applegate's car, and the distance Mr. Applegate's car continued down the road after striking him before stopping. In respect to the first point the appellee said he was some 400 feet from the curve when he was struck, while in his deposition he said the scene of the accident was two-tenths of a mile from the curve. On the second point he said in his deposition that the oncoming car had gone about 300 feet when he was struck by Mr. Applegate's car, while at the trial he said that the oncoming car had gone about a mile or a mile and a half before he was struck. In respect to the third point Mr. Johnson said his son stepped off 90 steps from the point of the accident to the place where Mr. Applegate's car stopped. The point is made that the appellee actually did not know how far the Applegate car pro-

ceeded down the road, but was relying upon the measurement made by his son.

While it is conceivable that refusal of the court to permit a party's deposition taken as if on cross examination to be read to the jury, notwithstanding the fact that he testified before it, would not constitute reversible error, it must not be overlooked that the rule laid down in the McCoy Case, supra, makes no such distinction. But the case before us presents no such question because we think it is quite clear from what has been said that there were material differences in the testimony given by the appellee in his deposition and that given at the trial; and, therefore, it was reversible error for the trial court to refuse to permit the deposition to be read to the jury.

KRS 189.570 deals with traffic regulations relating to pedestrians. Subsection 6 of that section provides: "Pedestrians shall at all times, when walking on or along a highway, walk on the left side of the highway." The provision of the statute just quoted is clear and unambiguous, and, obviously, was drafted with the view of placing a duty upon a pedestrian on a highway. Conversely, it warrants a motorist in assuming that pedestrians will not be walking on or along the right side of the highway.

Instruction No. 1 told the jury to find for the appellee if it believed that Mr. Applegate's car left the metal part of the highway and struck him while he was walking on the grass. While the second instruction recognized the last clear chance doctrine, it told the jury that the appellee put himself in a position of peril if it was found that he was walking on the metal part of the highway. The instruction did not embody the wording of the statute heretofore quoted in respect to the appellee's walking along the highway. If there be another trial of the cause, the instruction should be so framed as to recognize and place before the jury the duty imposed upon a pedestrian by subsection 6 of KRS 189.570.

For the reasons given the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.