# Levisa River R. Co. et al. v. Phillips.

February 28, 1950.

E. D. Stephenson, Judge.

368

Hobson & Scott and Browning & Gray for appellants.

J. E. Childers for appellee.

JUDGE CAMMACK—Reversing.

The appellants prosecute this appeal from a judgment rendered in the Pike Circuit Court in favor of appellee, who instituted the action to recover for alleged injuries occasioned to his lands situated upon the Levisa Fork of the Big Sandy River.

Phillips charged that the appellants, in the process of constructing a railroad line along the stream opposite his farm, placed materials of a permanent nature in it, thereby diverting it from its normal course so as to flow upon his property, causing extensive erosion thereto. The appellants answered that the acts and injuries complained of, if any, which were denied, were committed by certain independent contractors, and others not their agents. This answer was traversed. The trial resulted in a judgment for $3000.00 in favor of Phillips.

Four grounds urged for reversal are: (1) The appellants' motion for a peremptory instruction should have been sustained; (2) the instructions were erroneous; (3) incompetent evidence was admitted and improper remarks were made by the court in overruling the objections made thereto; and (4) the verdict was excessive.

There is ample proof in the record to show damages to Phillips' property as a consequence of the materials deposited in the stream. There is testimony as to the size of the deposits, their effect in constricting the channel and throwing waters upon the appellee's bottom lands thereby causing permanent damage by erosion.

The appellants were not entitled to a peremptory instruction.

The appellants let the contract for the construction involved here to the Asheville Construction Company, which in turn sublet it to W. E. Graham and Sons, the concern actually performing the work. The appellants furnished the necessary blue prints and profiles; located the road bed; and their engineering staff directed and supervised the work in regard to grades and locations. Thus, there was a question whether the relation of independent contractor existed at all from the degree of control exercised by the appellants. The line paralleled the Levisa Fork under a hill, and its construction entailed work in restricted areas, necessitating blasting, filling and the relocation of a county road. The plea of independent contractor could not preclude the appellants' responsibility for the acts done by the contractor off the right of way, as it was a question for the jury, under proper instructions, to determine whether the injuries sustained were due to the contractors' own negligence, or whether they were the natural, ordinary and necessary result of the construction. See American Car and Foundry Company v. Spears, 146 Ky. 736, 143 S. W. 377; Lexington & E. R. Co. v. Breathitt County Board of Education, 176 Ky. 541, 195 S. W. 1094.

The compliant as to the instructions is well grounded. When the court instructed the jury it failed to take into account any acts done by the independent contractor, but rather imposed liability on the appellants upon an affirmative finding that the work was done so as to disturb the river's normal course, and thereby cause damage to Phillips' property. As the appellants would not be responsible for the acts of an independent contractor unless such acts were the natural, ordinary and necessary result of the construction, inherent in the plan of construction itself, it follows the instructions were erroneous. The pleadings alleged placing materials in the river off the right of way. Proof was offered showing that the independent contractors were responsible for these acts. Therefore, the instructions should have covered that point, since the appellants offered an instruction on that phase of the case.

The complaint as to incompetent evidence, and improper remarks to the jury by the court in overruling

objections thereto, can not be sustained. The evidence contended to be incompetent related to the hauling of the materials dumped into the river and the time when the appellee's land began to erode. We can not agree that such evidence was not supported by the pleadings, or only went to relieve appellants of liability. The fact that the appellants might be liable, regardless of any contract relationship, was sufficient to make it germane and competent.

Phillips gave the dimensions of the area eroded to be 60 or 70 feet by 1760 feet. When evidence on his behalf was introduced by another witness to show this area to be about 4 or 4½ acres, the appellants objected as such was mathematically impossible. This objection was overruled, the court saying: "It may be mathematically impossible for a river to run down, but it could."

This remark was prejudicial, but it is not necessary to say whether it would have warranted a reversal of the case because it is being reversed on the instructions.

The question as to the excessiveness of the verdict is reserved. Wherefore, the judgment is reversed for proceedings not inconsistent herewith.