# Wilson v. Gregory

June 13, 1950.

J. Wirt Turner, Judge.

Draffen & Dean for appellant.

Ollie J. Bowen for appellee.

VAN SANT, COMMISSIONER—Reversing.

It is conceded that under Section 606, subsection 8 of the Civil Code of Practice, as construed in many decisions of this Court, one of which is Louisville and N. R. Co. v. McCoy, 261 Ky. 435, 87 S.W.2d 921, there is no restriction on the use by a party to an action of a deposition of an adverse party when taken as if under cross-examination. That is to say, such a deposition, being an admission against interest, may be introduced as substantive evidence by the party taking it, even though the adverse party be present and testify at the trial. The sole question presented on this appeal is

whether the error of the court in refusing to admit the deposition as evidence was prejudicial to the substantial rights of the party. If it was, the judgment must be reversed, if not, it must be affirmed.

The rule in respect to prejudicial error in this regard is succinctly and clearly stated in Applegate v. Johnson, 306 Ky. 358, 208 S.W.2d 77, 78, wherein reference is made to Louisville and N. R. Company v. McCoy, supra. The court said:

"* * * It was held in that case (L. & N. v. McCoy) that, if party is a competent witness, his deposition may be used, even though he be present and testify at the trial. * * *.

"An examination of the appellee's deposition and his testimony given at the trial shows material differences in respect to the distance from a curve to the point of accident, the distance an approaching or oncoming car had passed him before he was struck by Mr. Applegate's car, and the distance Mr. Applegate's car continued down the road after striking him before stopping. * * *.

"While it is conceivable that refusal of the court to permit a party's deposition taken as if on cross-examination to be read to the jury, notwithstanding the fact that he testified before it, would not constitute reversible error, it must not be overlooked that the rule laid down in the McCoy Case, supra, makes no such distinction. But the case before us presents no such question because we think it is quite clear from what has been said that there were material differences in the testimony given by the appellee in his deposition and that given at the trial; and, therefore, it was reversible error for the trial court to refuse to permit the deposition to be read to the jury."

Appellant, a pedestrian, filed this suit for damages resulting from being struck by an automobile being operated by appellee. The accident occurred about noon on January 27, 1948, in the small village of Sparrow on U. S. Highway, No. 62, between Lawrenceburg and Bloomfield. Appellee testified in his deposition taken before the trial that the road at the place of the accident was winding. On the trial he testified that it was straight. The metal surface of the road was eigh-

teen and one-half feet in width at the place of the accident. Appellee testified before the trial that appellant and her daughter were proceeding in the same direction "five feet anyway" from each other, and that the daughter was walking on the "white line" and the mother near the edge of the road. On the trial, he testified that there was no mark to indicate the center of the road, and that the mother was on the shoulder of the road and the daughter in the middle of the road. This would have placed the mother and daughter from nine to twelve feet apart. The materiality of this particular evidence is shown by defendant's testimony where he stated that he tried to drive between the mother and daughter to avoid hitting either. Whether it be negligent in attempting to drive between two persons twelve feet apart presents a question for the determination of the jury. But if they were only five feet apart, an attempt to drive between them would constitute negligence per se. Before the trial, appellee testified that he did not know how far he skidded after applying his brakes and before colliding with appellant. On the trial, he testified that nothing happened until he got within ten feet of appellant at which time she started to cross the road, and he applied his brakes. He then stated that appellant walked to within two feet of the center line of the road before she was struck by his automobile. That testimony, coupled with his previous testimony that appellant was on the berm of the road when she started to cross would lead to the inevitable conclusion that appellant had traveled from seven to ten feet while appellee traveled ten.

From what we have said, it is apparent that appellee's testimony before the trial concerning the contour and condition of the road at the place of the accident, and the circumstances attendant on the happening of the accident itself, differed materially from his testimony at the trial. These conflicting statements, as we have said, are in respect to matters of materiality and substance and entitled appellant to introduce appellee's pre-trial testimony as substantive evidence; and the court's ruling to the contrary was prejudicial to appellant's substantial rights.

The judgment is reversed with directions that appellant be granted a new trial to be conducted in a manner not inconsistent with this opinion.