COMMONWEALTH of Kentucky and Department of Highways, ex rel. W. P. CURLIN, Commissioner of Highways, and McCracken County, Appellants,

v.

T. J. MOYERS et al., Appellees.

Court of Appeals of Kentucky.

June 17, 1955.

J. D. Buckman, Jr., Atty. Gen., C. J. Waddill, Asst. Atty. Gen., T. W. Johnson, Sp. Asst. Atty. Gen., W. Pelham McMurry, County Atty., Paducah, for appellants.

C. E. Gordon, Earl Osborne, Benton, for appellees.

CAMMACK, Judge.

In March, 1953, the Commonwealth, an appellant herein, sought in the McCracken County Court to condemn the appellees' property in dispute, for a proposed highway between Kentucky Dam and Paducah. The commissioners appointed by the county court fixed the value of the land taken at $2,162.26; fencing $759; timber $300; and awarded nothing for incidental damages to the residue of the property. Since the exceptions filed by the appellees did not put in issue the Commonwealth's authority to condemn the land, the county court entered a judgment on the commissioners' recommendations pursuant to KRS 177.086.

The appellees attempted to perfect an appeal to the circuit court by filing with the circuit court clerk a certified copy of the county court judgment, together with a statement of the parties to the appeal, as required by KRS 177.087. However, no exceptions to the commissioners' award were filed with the circuit clerk as required by the same statute. The exceptions filed in the county court were certified to the circuit clerk along with the record of the proceedings in the county court. After a trial before a circuit court jury on the issue of damages the appellees were awarded $3,221.26 for the land taken and $3,000 for damages to their adjacent property. It is from the judgment entered on that verdict that this appeal is prosecuted.

■ The first question presented is whether the filing of exceptions to the commissioners' award with the circuit clerk is a jurisdictional requirement. It is the Commonwealth's position that the failure of the appellees to so file the exceptions prevented the circuit court from acquiring jurisdiction of the case. The pertinent part of the statute in dispute, KRS 177.087, reads as follows:

"* * * an appeal may be taken to the circuit court by either or both parties by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner. * * *"

We construe the provision relating to the filing of exceptions as a requirement that the party appealing to the circuit court file his grounds for appeal. It will not be presumed that the Legislature intended that a needless act be done. Therefore, it appears to us that a requirement that the appellant file in the circuit court the same exceptions he filed to the commissioners' award in the county court, would be a supertechnicality, since those exceptions must be transferred with the record from the county court to the circuit court. That the Legislature did not intend that the filing of such exceptions be a condition precedent, is demonstrated by the fact that the statute which regulates most condemnation proceedings, KRS 416.060, does not require the filing of such exceptions. Furthermore, provision is made for amendments to the "grounds of appeal" in another part of KRS 177.087, the statute under consideration here.

■ Since the exceptions to the commissioners' award filed in the county court were certified to the circuit court clerk within 30 days, we think the Commonwealth was fairly apprised of the grounds of the appeal.

■ Reference is made in the appellants' brief to the fact that no summons was ever issued on the appeal to the circuit court. However, the statute providing for such appeals does not require the issuance of a summons, and since the appeal was perfected in April, 1953, the Civil Rules of Procedure had not become effective at that time. Consequently, the failure to issue a summons was of no consequence,

since all parties had notice of the proceeding in circuit court and participated in it.

The appellants contend also that statements made by the trial judge in the presence of the jury were prejudicially erroneous. With that contention we agree. During the cross-examination of the appellees' witness, E. E. Cook, in regard to the assessed valuation of the property, the following conversation took place:

"Q. 32. How would your county of Livingston rank with the other counties in the state as the records go?

"By Mr. Gordon: Renew our objection.

"By the Court: Sustained. Compare with Marshall and McCracken but not the state as a whole.

"By Mr. Johnson: Your Honor, if he knows what standard is set by the state, can't—

"By the Court: That is the trouble we have here. The jury is going to set the standard in McCracken County, they are not going to do it in Frankfort."

On another occasion the judge read a quotation from an opinion of this Court which, on its face, tended to show that the appellants were introducing incompetent evidence, when in fact the quotation had no application to this case. See the case of Hoskins v. Commonwealth, 290 Ky. 400, 161 S.W.2d 169. The statement by the trial judge that he would take care of the matter in the final instructions had no bearing on the question of the admissibility of the evidence.

We are of the opinion that these statements and actions of the trial judge were so prejudicial as to constitute reversible error. As a general proposition a trial judge should not read to the jury extracts from opinions, statutes, or any other law book. Especially is this true where, as here, a statement is taken out of context and is given, at least, a confusing interpretation. A trial judge should be careful to say no more than is necessary to decide the questions presented to him. Side remarks or expressions of opinion coming from a trial judge often have great weight with the jury. Martin v. Tipton, Ky., 261 S.W.2d 809; Levisa River R. Co. v. Phillips, 312 Ky. 367, 227 S.W.2d 922. City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.