Annie STRONG, Appellant,

v.

Lee DENTON et al., Appellees.

Court of Appeals of Kentucky.

March 22, 1957.

King & Craig, Henderson, for appellant.

William L. Sullivan, L. Allen Rhoads, Henderson, for appellees.

BIRD, Judge.

Appellant's action for damages was dismissed by judgment entered upon a jury verdict for defendants. She filed motion and grounds for new trial. The motion was overruled and she appeals, asserting that the trial court erred in not granting a new trial. She relies upon no other error for reversal.

Two grounds for new trial were given in the motion and we shall discuss them in order.

■ (1) This action arises from an automobile collision that occurred at an intersection in the City of Henderson, Kentucky. Appellant contends that a juror, before submission and during an adjournment, went to the intersection involved and made an examination of the premises. It is not denied that the juror, accompanied by his wife, went on his own volition to the intersection and made some observations. The record does not show that any other person was present.

Appellant insists that, under the authority of Brock v. Smith, Ky., 268 S.W.2d 947, the juror's conduct constituted a reversible error. In the Brock case, as in the cases cited in support of its holding, the record strongly indicated that the juror sought and received, or might have received, information concerning the controversy beyond the scope of common knowledge. The record in the present case presents no such indication. When there is nothing in the record to indicate that a juror sought, received, or might have received, information concerning the controversy beyond the range of common knowledge, the juror's independent observations will not constitute reversible error.

■ (2) It is further contended that the court erred in giving an admonition to her counsel during his argument of the case. The record nowhere discloses that an objection to the admonition was made

at any time before filing the motion and grounds for a new trial and it will therefore not be considered on appeal. Employers' Liability Assur. Corp. v. Stanley Deposit Bank, 149 Ky. 735, 149 S.W. 1025; Bean v. Bevins, Ky., 287 S.W.2d 627.

The record disclosing no error the judgment is affirmed.