Mack COLLINS, Appellant,

v.

Robert Lavon SPARKS, by His Next Friend, Ivan Sparks, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1958.

**46**

Duff Arnett, Hazard, Emmett G. Fields, Whitesburg, for appellant.

Stephen Combs, Jr., Whitesburg, F. Byrd Hogg, Whitesburg, for appellee.

MONTGOMERY, Judge.

Robert Lavon Sparks, eighteen years of age, suing by his next friend, recovered judgment against Mack Collins for the sum of $4,000. He had sued for damages resulting from a collision between the autos driven by the respective parties. Collins appeals.

The cars were in a line of traffic which was alternately stopping and starting as the cars turned off the highway toward a parking area. The rear end of appellee's car and the front end of appellant's car collided. The front end of appellee's car also struck the rear end of the car in front.

The parties differed as to how the collision occurred. Appellee testified that he had stopped his car behind the last car in the line of traffic, pulled up and stopped once or twice, and made a normal stop the last time before appellant's car struck his. It was his theory that appellant had permitted the space between their cars to widen to forty or fifty feet, and in an effort to close the gap quickly had accelerated his car too much and crashed into the rear of appellee's car, thereby causing it to strike the car in front. Appellant contended he was unable to avoid running into ap-

pellee's car because it either had stopped suddenly or had hit the car in front and bounced or was knocked back into appellant's car.

Several grounds are urged for reversal. Appellant contends that the remarks made by the trial judge in the presence of the jury were prejudicial. No objections were made by counsel at the time.

The following occurred during the direct examination of the appellant:

"Q. Was he completely at rest when you struck him, or coming toward you, or going the other way? A. My best opinion he had done struck him and had bounced back—in my opinion.

"By The Court:

"What makes you think that now? A. Because I could not have been making the speed to have went over my brakes."

The following questions were asked and comment was made during the redirect examination of the appellant:

"By The Court:

"Could you tell the jury about how far from the car in front of him Sparks was at the time you were driving along there? A. In front of me?

"By The Court:

"How far was Sparks behind the car in front of him? A. I couldn't say.

"By The Court:

"Can you give the jury an idea? A. According to the rest of the traffic, not over five or six feet.

"By The Court:

"Your version is he ran into the car in front of him so hard he was knocked back into your car, is that your contention? A. Well—yes.

"By The Court:

"You honestly believe that? A. Yes, sir, I do."

Appellant argues that the questions and remarks made by the trial judge indicate that the judge did not believe the testimony of appellant. The testimony given was the basis of appellant's defense. The credibility of appellant's testimony and the weight to be given it on this vital point were for the jury to determine. Lee v. Stamper, Ky., 300 S.W.2d 251. The effect of the remarks of the trial judge was an imputation that the trial judge did not believe this testimony. The comment constituted the exertion of an improper influence which is condemned by the fundamental law of this state forbidding a trial judge to comment on the evidence produced on a jury trial. Such a reflection on the testimony was an invasion of the prerogative of the jury. The trial judge should remember that undue importance and great weight may be attached by the members of the jury to any remark made by him in their presence. This is due to the confidence in and esteem for a judge and respect for his position. The questions and remarks by the trial judge in the instant case tended to destroy appellant's defense and were prejudicial.

Discrediting remarks concerning counsel's argument to the jury have been held prejudicial. Louisville & N. R. Co. v. Utz, 297 Ky. 70, 178 S.W.2d 958; Martin v. Tipton, Ky., 261 S.W.2d 809. Undoubtedly, a remark discrediting a party's testimony on the main point of his defense is prejudicial. In Levisa River R. Co. v. Phillips, 312 Ky. 367, 227 S.W.2d 922, 923, a remark by the court "It may be mathematically impossible for a river to run down, but it could" was held prejudicial.

The case of City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064, 1066, was an action against the city for damages allegedly caused by an overflow resulting from improper drainage. The trial judge

made remarks during the examination of witnesses as follows: "\* \* \* Why didn't they fix it right in the first place? That is the trouble with the city now—laying out to keep from doing anything." and "\* \* \* It is the duty of the city to see that these things are put in right." In holding these remarks prejudicial, Logan, J., said:

> "When the Great Teacher said: 'Let your communication be yea, yea; nay, nay; for whatsoever is more than these cometh of evil'—His remarks must have been directed at a trial judge, for they are peculiarly applicable to the presiding judge in any case. He should be careful to say no more than is necessary to decide the questions presented to him. Side remarks or the expression of opinion coming from the trial judge are calculated to have great weight with the jury."

The general rule is that a prejudicial remark in the course of a trial made by the court must be seasonably objected to and an exception noted, in the absence of which the question ordinarily will not be reviewed on appeal. 3 Am.Jur., Appeal and Error, Section 373, page 105; 53 Am.Jur., Trial, Section 92, page 84; 4 C.J.S. Appeal and Error § 288, page 855. The rule in Kentucky does not permit review except upon seasonable objection. Employers' Liability Assurance Corp. v. Stanley Deposit Bank, 149 Ky. 735, 149 S.W. 1025; Louisville & N. R. Co. v. Vaughan's Adm'r, 183 Ky. 829, 210 S.W. 938; Strong v. Denton, Ky., 300 S.W.2d 245.

The type of error complained of here has been reviewed as an exception to the general rule. Ballance v. Dunnington, 241 Mich. 383, 217 N.W. 329, 57 A.L.R. 262; Etzel v. Rosenbloom, 83 Cal.App.2d 758, 189 P.2d 848; Podlasky v. Price, 87 Cal. App.2d 151, 196 P.2d 608.

There is a trend in Kentucky to relax the rule denying review except upon seasonable objection. This is recognized in the new Civil Rules of Procedure where "Formal exceptions to rulings or orders of the court are unnecessary; \* \* \* if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." CR 46. Provision is made in CR 61.02 for the review of a substantial error, which is:

> "A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by the Court of Appeals on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

It would seem that CR 61.02 is in harmony with CR 59.06, which by implication indicates that an error not otherwise properly preserved may be presented in a motion for a new trial. The error here based on the trial court's remarks was preserved in the motion for a new trial.

■ The question then resolves itself into one of determining whether a prejudicial error based on the remarks of the trial judge shall be ignored for want of a timely objection when otherwise preserved. The purpose of an objection is to call the matter to the court's attention so that it may have an opportunity to consider the objection and rule on it. Hines v. Carr, 296 Ky. 78, 176 S.W.2d 99.

■ When the trial judge makes an objectionable remark, counsel is faced with a dilemma. He may risk antagonizing the judge by calling attention to the objectionable remarks, which scarcely can be erased from the minds of the jurors by a subsequent admonition. If objection is made unsuccessfully, the harm may be aggravated and the situation may be worsened. He may make no objection in the hope that the jury will ignore the remark. This places the counsel in an unfair position and at a disadvantage which may not

be due to any conduct on his part. The trial judge is charged with knowing how to conduct a fair and impartial trial. He should know what is necessary to be said and when it should be said, bearing in mind the possible effect on the jury. Viewed in this light, an objection to the remarks of a trial judge is unnecessary, and when such remarks are prejudicial, they constitute such palpable error as will be considered on review under CR 61.02. The effect of this decision is that the trial judge is charged with the knowledge that his conduct during a trial before a jury, other than rulings or decisions, is reviewable if preserved in the motion for a new trial. For the reasons stated, the previous rule in Kentucky is now changed and the cases so holding are overruled.

Consideration of the other grounds urged for reversal is unnecessary at this time.

Judgment is reversed with directions to grant a new trial.