**LIKENS DRUG COMPANY, Appellant,**

v.

**Josephine BOSLEY, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1961.

J. Walter Clements, Louisville, Byron, Sandidge, Holbrook & Craig, Owensboro, for appellant.

David C. Brodie, Owensboro, Charles W. Morris, Louisville, for appellee.

CLAY, Commissioner.

The appellee plaintiff recovered a $12,000 judgment for personal injuries sustained when she was struck by appellant defendant's motor vehicle as she was crossing the street at an intersection. Several grounds are urged for reversal.

The accident happened at the intersection of Ninth and Daviess Streets in Owensboro. Daviess Street runs north and south, Ninth, east and west. Plaintiff was walking west on the south side of Ninth Street. Defendant's vehicle, a "Jeep," had proceeded in the same direction on the north side of Ninth Street and the driver made a left turn (going south) into Daviess Street. The plaintiff (going west) had reached the south bound lane of that street when struck.

There is a crosswalk on Daviess Street. Plaintiff testified she had walked behind a station wagon (headed north on the east side of Daviess Street) which partially straddled the crosswalk. She said she was in the crosswalk and another witness testified she was "right along the south border of the crosswalk."

The time of this accident was about 4:30 p. m., and the intersection was congested with both vehicular and pedestrian traffic. Defendant's driver, before making his left turn from Ninth Street into Daviess Street, had waited for the traffic to clear and for some pedestrians to traverse the crosswalk. He testified that after he made his turn the plaintiff stepped out from behind a vehicle in the north bound lane of Daviess Street at a point a few feet south of the crosswalk. He said he was about five or six feet from her when she appeared and was unable to stop before striking her.

Defendant Company contends it was entitled to a directed verdict because the proof failed to establish any negligent act of the driver and negligence cannot be presumed from the mere happening of an accident. However, if the plaintiff was in the crosswalk, KRS 189.570(2) required defendant's driver to yield the right-of-way, and failure to do so could constitute a negligent act. Even in the absence of this statutory duty, in view of the traffic situation at this particular time, a jury could reasonably find that defendant's driver failed to keep a proper lookout or to have his vehicle under reasonable control. We cannot say as a matter of law that the defendant could not have been negligent.

It is next contended the plaintiff was guilty of contributory negligence as a matter of law on the theory she walked blindly from behind a stopped automobile without looking and without exercising ordinary care for her own safety. In Eichstadt v. Underwood, Ky., 337 S.W.2d 684, which involved a similar accident, on this issue we held a jury question was presented. It is said the plaintiff violated KRS 189.-570(5), which requires pedestrians to move "whenever practicable" upon the right half of a crosswalk. Since the right half of the crosswalk was blocked as plaintiff entered the street, she necessarily was compelled to start her trip on the left side of the crosswalk, and we cannot say as a matter of law she was negligent in failing to return to the right side. (There is serious doubt that this statute created a duty to those operating motor vehicles. It seems designed to promote the convenience of other pedestrians.)

While it is contended the plaintiff should have seen the Jeep, it must be borne in mind that at the time she started to cross the street the vehicle was behind her and was then proceeding parallel with her course and not perpendicular to it. A directed verdict was not authorized.

Defendant next contends the instructions were erroneous because they were not suffi-ciently concrete in detailing plaintiff's specific duties as she was crossing the street. We have carefully examined these instructions and they present the issues adequately and properly.

Lastly it is contended the plaintiff's counsel made improper argument to the jury. We find nothing prejudicial therein.

The judgment is affirmed.

MONTGOMERY, J., dissenting.