**Elva WHITE, Appellant,**

v.

**F. S. CRAWFORD, Appellee.**

Court of Appeals of Kentucky.

May 5, 1961.

Charles S. Sinnette, Ashland, for appellant.

G. B. Johnson, Jr., Dysard, Dysard & Johnson, C. R. Levi, Ashland, for appellee.

MONTGOMERY, Judge.

Elva White sued F. S. Crawford for damages resulting from his auto's striking her. The trial court refused to admit in evidence the deposition of the defendant taken in discovery and later sustained defendant's motion for a directed verdict. Plaintiff on appeal assigns both rulings as error. The conclusion of the Court renders it unnecessary to discuss the second ground.

The plaintiff, now appellant, was struck by the car of defendant, now appellee, at the intersection of 13th Street and Beverly Boulevard in Ashland. The issues in the case involved the negligence, if any, of the appellee in the operation of his car and the contributory negligence, if any, of appellant in attempting to cross the street in front of appellee's car.

At the trial, plaintiff described the accident thus:

"I was walking on the left of 13th Street going out and when I came to Beverly Boulevard I glanced to my left and didn't see a car, I turned to see if there was any car going to turn in off 13th Street and there wasn't any, I started across the street and just as I glanced around Mr. Crawford struck me in the street."

She also testified that defendant got out of his car and said:

"He told me he saw me, that it was his fault—

\* \* \* \* \* \*

—that he saw me, it was his fault, that he had his mind on a very close friend of his that had dropped dead that afternoon, Jack Phipps, that he had his mind on him."

Plaintiff's son testified that the defendant admitted fault to him.

Prior to the trial the plaintiff took the deposition of the defendant in discovery, in which deposition the defendant described the accident thus:

"I was driving west on Beverly Boulevard and approached the intersection of Beverly and 13th Street. I stopped at the stop sign prior to entering 13th Street and observed this lady walking south on 13th Street. She stopped at the edge of the curb simultaneously with my stopping my car at the intersection. She and I looked at each other for possible 3 or 4 seconds and I looked then south on 13th Street to observe whether or not any vehicular traffic was approaching, and since there was none, I started forward, started my car forward at precisely the same instant that this pedestrian stepped off the curb. I would judge that my car moved forward possibly 2 feet and she stepped off

the curb and instinctively threw up her left hand which struck the right front corner of my right front fender and the impact of her stepping off the curb plus the forward motion of my car caused her to sit down in the street."

Plaintiff contends that the defendant was negligent in failing to ascertain her whereabouts before starting his car forward and that he should have yielded the right of way to her. See KRS 189.570(2).

At the trial after plaintiff had testified and after the introduction of her son's statement and the medical testimony, her offer of the deposition of the defendant in evidence was refused by the trial court, following which the motion for a directed verdict for the defendant was sustained. The defendant was present during all of the trial.

Plaintiff insists that the deposition of the defendant was admissible under CR 26.04, the pertinent part of which follows:

"At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition * * * in accordance with any one of the following provisions:

* * * * * *

"(2) The deposition of a party * * * may be used by an adverse party for any purpose."

In Clay, CR 26.04, Comment 3, it is said:

"Not only may the deposition be used to contradict or impeach, but it may be used as substantive evidence, as an admission against interest, and so far as the matter is relevant to the issues, for any other purpose. The Rule thus recognizes the use of the adverse party's deposition for the purposes permitted under CC 606(8), now KRS 421.210(8)."

The introduction of the deposition of an adverse party as substantive evidence has long been recognized. Johnson v. Langley, 247 Ky. 387, 57 S.W.2d 21; Louisville & N. R. Co. v. McCoy, 261 Ky. 435, 87 S.W. 2d 921; Applegate v. Johnson, 306 Ky. 358, 208 S.W.2d 77; Wilson v. Gregory, 313 Ky. 326, 231 S.W.2d 14. In Bell v. Harmon, Ky., 284 S.W.2d 812, a statement of a party made in a pretrial deposition was held to constitute a judicial admission determinative of liability. See Armstrong v. McGuire, Ky., 283 S.W.2d 366, and Long v. Scheffer, Ky., 316 S.W.2d 375, for discussion of the safeguard provided in CR 26.04(4).

The Johnson and McCoy cases are directly in point despite a contrary statement in appellee's brief. It must also be pointed out that his citation and reliance on the opinion of Judge Frank, erroneously attributed to Judge Clark who dissented, in Arnstein v. Porter, 2 Cir., 154 F.2d 464, 468, are erroneous since the question there was, "whether the lower court, under Rule 56, properly deprived plaintiff of a trial of his * * * action," rather than the admissibility of a pretrial deposition of a party under Rule 26, Fed.Rules Civ.Proc., 28 U.S.C.A.

Appellee argues that the refusal to admit the deposition in evidence was not prejudicial error. Under the rule in Likens Drug Co. v. Bosley, Ky., 343 S.W.2d 841, appellee's statements create an inference that he may have been negligent in failing to see that he could move his car with safety to the appellant and in failing to yield the right of way to her under KRS 189.570(2) sufficient to take her case to the jury. For this reason, the ruling was prejudicial. The presence of the appellee in the courtroom did not justify the failure to admit the deposition since the same statements made in the deposition might not then be made again, and the appellant should not have been compelled to call appellee as a hostile witness and then possibly have had to use the deposition by way of impeachment.

Judgment reversed.