Gerald W. CHISM, Appellant,

v.

Flora LAMPACH, Appellee.

Court of Appeals of Kentucky.

Dec. 15, 1961.

J. Walter Clements, Louisville, for appellant.

Frockt, Baer & Benovitz, Louisville, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment for the appellee for $12,500.

■ The plaintiff, now appellee, Mrs. Flora Lampach, who weighed about two hundred pounds, got off a bus on the Eighteenth Street Road, or Dixie Highway, in Jefferson County, at the intersection of Mary Catherine Drive and walked westwardly 150 feet or more on the north side of the Drive on the edge of the paved surface. There was no sidewalk. According to her evidence, she was struck in the back by an automobile driven by the defendant, Chism. She had heard no horn or other noise of the automobile coming up behind her and remembered only that she was struck a hard blow in the back. Another witness testified that the car was traveling about 30 mph, and after the impact it skidded left 25 or 30 feet to the center of the road or street and stopped. The woman's body was knocked two or three feet off and from the edge of the paving. The accident occurred about eight o'clock in the morning on a clear day in June, 1958.

According to the defendant, who was nineteen years of age, when he turned into the Drive at Eighteenth Street he saw the woman walking with her back to him, and she was in view all the time. He sounded a "beep" on his horn when he was about fifty feet from her but did not apply his brakes. He testified that as the front of his automobile was passing her "she made a quick movement towards my car." He then applied his brakes and swerved to the left. The defendant admitted he had said in a pretrial deposition that he had started around the woman when 3½ feet from her and then she made "a leftward motion, or towards the south" and after the front of the car had passed "she walked into the back of the right front fender." A dent in the *top* of the right fender just in front of the door post he claimed was made by the impact. Incredible though it be, he insisted no part of the front of the car struck the woman.

A surgeon who treated the plaintiff at the hospital expressed the opinion, upon the equivalent of hypothetical questions, that the fracture of her pelvis and other injuries were probably caused by "a blow from the front or the rear" and not from her side.

Nearby witnesses heard no horn sound. Some had seen the dent in the top of the fender and others had not. There were some other scratches or marks on or about the right headlight.

The foregoing is the gist of the evidence insofar as the question of responsibility is concerned.

The defendant contends he was entitled to a directed verdict.

On the question of the defendant's primary or antecedent negligence, the jury could hardly believe he was not negligent—very negligent. He had seen the woman directly in his path when he was 150 to 200 feet away. He admitted that he kept straight ahead and did nothing to alarm or avoid her except to toot his horn when fifty feet from her. Others testified he did not even do that.

■■ In walking along the right side of the road with her back to the traffic, the plaintiff violated the statute. KRS 189.570 (6). In doing so the plaintiff failed to observe the standard of ordinary care for her own safety which by implication is what is prescribed by the statute. Applegate v. Johnson, 306 Ky. 358, 208 S.W.2d 77; Saddler v. Parham, Ky., 249 S.W.2d 945; Bettis' Ex'x v. Rickett, Ky., 310 S.W.2d 775; Ross v. Jones, Ky., 316 S.W.2d 845. The statute permits a motorist to assume that pedestrians will not be walking on or along the right side of the highway, Applegate v. Johnson, supra, 306 Ky. 358, 208 S.W.2d 77, but it does not relieve a motorist of his common law duty of exercising due care to avoid striking them. Certainly, a pedestrian in such position does not license a motorist to run over him or her. The factor of contribution as a proximate cause enters

into the question where the motorist sees the pedestrian in ample time and under conditions that he may in the exercise of ordinary care avoid injuring him. We have recognized that in some instances the position of a pedestrian walking on the highway may be the probable or natural cause of his being struck by an automobile. Applegate v. Johnson, 306 Ky. 358, 208 S.W.2d 77; Saddler v. Parham, Ky., 249 S.W.2d 945; Swift & Co. v. Thompson's Adm'r, 308 Ky. 529, 214 S.W.2d 758; Miracle v. Flannery's Adm'r, Ky., 259 S.W.2d 689; State Contracting & Stone Co. v. Fulkerson, Ky., 288 S.W.2d 43.

The present case is distinguishable from previous decisions. In our other cases of this class the accident occurred at night when the visibility of the motorist was obscure. The action of the defendant in this case was inexcusable.

The court instructed the jury on the defendant's primary negligence in regard to control, lookout, speed and timely warning, and the plaintiff's contributory negligence in regard to exercising ordinary care, to walking on the left side of the street and not to "turn to the left and walk into the side of the right front fender" of the defendant's car. We are not so sure that standing alone the circumstance of the plaintiff being on the edge of the street after having walked on the right side should bar recovery, as the appellant contends, because of the factor of a proximate contribution to the accident. The instructions permitted the jury to excuse the defendant, and we do not regard them as prejudicial.

The court may well have submitted the case only under what is variously called the doctrine of "last clear chance" or "discovered peril" or the "humanitarian doctrine". This is an elementary law of torts. Except for the improbable claim that after the front of the automobile had passed the plaintiff she "walked into the back of the right fender" and made a dent on the top of it, there was nothing to furnish an escape under this doctrine.

Motions for peremptory instructions were properly overruled. There is no error in the form of the given instructions.

When the case was called for trial, the defendant had not come into court, and his attorney did not know his whereabouts. It was soon learned that the defendant had been involved in an automobile accident on his way to court. After some delay he appeared, and the trial proceeded over the defendant's objection. The afternoon newspaper, the Louisville Times, and the Courier Journal the next morning, published accounts of the accident in which three children had been injured, and reported that the defendant, Chism, had been arrested and booked on the charges of reckless driving and assault and battery. One of the articles stated that Chism was on his way to court where he was a defendant in a damage suit.

Upon the calling of the case for a renewal of the trial the next morning, the defendant moved to set aside the swearing of the jury and continue the case because of the publicity. The court asked counsel whether he desired that an inquiry be made of the jurors as to whether any of them had read the newspaper accounts, and if they had done so, whether counsel desired the court to admonish the jurors to disregard the newspaper reports and decide the case solely on the evidence. Counsel stated he had no objection to the inquiry, but if any one stated he had read the articles, he would object to the court giving the suggested admonition because it would not remove the damaging effect of the news and would do the defendant more harm than good, and he would insist on a retrial. The court expressed his views of the conditions and stated that it would be speculative as to whether or not any member of the panel had read about the accident. Because of that and the position taken by counsel, the court overruled the motion. The appellant cites several decisions of federal cases in support of his argument that the action of the trial court was error. It seems to us this matter was within the discretion of the court, and that discretion was not abused.

◼ Both parties to the action had given pretrial depositions, and the material witnesses had made written statements concerning their knowledge of the accident. During the cross-examination of the witnesses for the plaintiff, the defendant's counsel persistently interrogated them as to their previous statements in an effort to establish contradictions. On objections of the plaintiff based upon the absence of contradiction, the court expressed his own views in regard thereto, observing that there were no contradictions. From time to time the court interrupted the examinations and injected himself into them in an effort to clarify the questions or to help the witnesses understand them. We observe that in this matter of participation the court treated both parties alike. Many of the efforts to show contradictions where there were none doubtless exasperated the judge and the jury as well.

◼ In this jurisdiction comments by a trial judge which may reflect upon the credibility of a witness or tend to indicate the court's view of the quality or weight of the evidence are considered improper. Notice is taken of the high regard which jurors generally have of the judge, hence his remarks have great weight and often result in improper influence. Northeast Lumber Co. v. Harris, 220 Ky. 454, 295 S.W. 455; City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064; Louisville & N. R. Co. v. Utz, 297 Ky. 70, 178 S.W.2d 958; Levisa River R. Co. v. Phillips, 312 Ky. 367, 227 S.W.2d 922; Martin v. Tipton, Ky., 261 S.W.2d 809; Collins v. Sparks, Ky., 310 S.W.2d 45.

It is difficult to define due bounds of propriety. The judge need not be a mere automaton or robot, but he should leave to the lawyers the development of the case and be cautious and circumspect in his participation and conduct and control the proceeding in a manner that will give it the atmosphere of impartiality. 53 Am.Jur., Trial, §§ 74, et seq; 88 C.J.S. Trial § 48 et seq; 1 Thompson on Trials, §§ 218–220. But the participation or intrusion by the judge may not be prejudicial under the particular circumstances of the case and will not justify a reversal of a judgment on that account. Although the participation of the trial judge in this case was voluble, under the circumstances of the case we do not regard it as prejudicial to the rights of the defendant.

◼ Another point of error is made. The court denied the defendant the right to introduce a witness, one Marion Cooper, because his name was not on the list of witnesses exchanged with opposing counsel before the trial. The argument centers around Civil Rule 26.02, which provides that a party may be examined regarding the identity and location of persons having knowledge of relevant facts. The rule is not applicable. In this instance the defendant claimed that at the time of the exchange of the lists he was not in a position to know that Cooper would be needed. The witness' examination in chambers revealed he was the service manager of a garage which had loaned the automobile involved in the accident to the defendant, Chism, while his car was being repaired, and that he would testify the dent in the top of the fender, heretofore referred to, was not there when Chism took possession of the automobile. The witness did not state how long Chism had had that possession before the accident. The trial court expressed the opinion that as there was an agreement between the attorneys to exchange lists of witnesses, they should be held to the agreement. We think the court was in error. But the proffered testimony was not material, for the dent could well have been made between the time the defendant got possession of the car and the accident. Moreover, the testimony would have been cumulative. We do not regard the ruling of the court to have been prejudicial.

The judgment is affirmed.