Dorothy **HEILMAN**, Appellant,

v.

**W. S. SNYDER, M.D., Appellee.**

Court of Appeals of Kentucky.

March 7, 1975.

**322**

———◆———

George C. Piper, Martin, Ockerman & Brabant, Lexington, Richard Elam, McCauley, Wilhoit & Elam, Versailles, for appellant.

William E. Johnson, Johnson & Judy, Frankfort, Lindsey W. Ingram, Jr., Stoll, Keenon & Park, E. David Marshall, Marshall & Marshall, Lexington, for appellee.

GARDNER, Commissioner.

This is a medical malpractice action brought by Dorothy Heilman, appellant, against Dr. W. S. Snyder, appellee. Mrs. Heilman sought recovery for injuries which she alleged were caused by Dr. Snyder's negligent failure to sterilize her skin prior to giving her a number of injections. Dr. Snyder concedes that he did not attempt to sterilize her skin, but argues that his failure to do so did not violate the applicable standard of care for physicians.

At the trial expert testimony was introduced to support the claims of both sides. Dr. John E. Myers, Jr. testified that Dr. Snyder's failure to treat Mrs. Heilman's skin before giving her injections violated the standard of care applicable to Dr. Snyder. Dr. Snyder took the stand in his own defense and offered a contradictory opinion. During the direct examination of Dr. Snyder, counsel for Dr. Snyder attempted unsuccessfully to introduce as substantive evidence a medical treatise entitled "Routine Skin Preparation Before Injection: An Unnecessary Procedure." However, the same treatise was admitted over Mrs. Heilman's objection during the redirect examination of Dr. Snyder. Subsequently, a number of other doctors took the stand and supported Dr. Snyder's contention that his failure to sterilize Mrs. Heilman's skin before giving her the shots was consistent with the applicable standard of care.

The jury found that Dr. Snyder was not negligent by his failure to sterilize the skin and returned a verdict in his favor.

On appeal Mrs. Heilman strongly argues that the admission of the treatise as substantive evidence during the redirect testimony of Dr. Snyder constituted reversible error. Our earlier opinions seem to uphold this contention. See Travelers' Ins. Co. v. Davies, 152 Ky. 600, 153 S.W. 956 (1913), and Kentucky Public Service Co. v. Topmiller, 204 Ky. 196, 263 S.W. 706 (1924). However, the authorities generally favor the admissibility of learned treatises, including medical and scientific text books. See McCormick, section 296, page 621; Morgan, Basic Problems of Evidence, 366 (1962); 6 Wigmore, section 1692.

The Uniform Rules of Evidence (Rule 63, Sec. 31, 9A U.L.A., 591, 640) provides that a published treatise, periodical or pamphlet on a subject of history, science or art should be admitted in evidence as an exception to the hearsay rule:

"* * * to prove the truth of a matter stated therein if the judge takes judicial notice, or a witness expert in the subject testifies, that the treatise, periodical or pamphlet is a reliable authority in the subject."

Rule 529A, Model Code of Evidence of the American Law Institute, advocates the same view. We are in accord with the observation made by Justice Hallows of the Wisconsin Supreme Court in Lewandowski v. Preferred Risk Mutual Insurance Company, 33 Wis.2d 69, 146 N.W.2d 505 (1966):

"This is but another example of accepting the scientific process in the search for truth instead of reliance upon the efficacy of an oath as a guaranty of trustworthiness."

The rules of evidence have recently received a thoroughgoing and extensive reexamination at the federal level. After prolonged consideration and debate by the outstanding authorities in the field, and after exhaustive analysis by committees of both Houses of Congress, the new "Rules of Evidence for United States Courts and Magistrates," Public Law 93–595, 93rd Congress, H.R. 5463, adopted January 2, 1975, provides in Rule 803(18) that to the extent called to the attention of an expert witness upon cross-examination or relied upon by him in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, *medicine,* or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice, are admissible as an exception to the hearsay rule even though the declarant is not available as a witness. If admitted, the statements may be read into evidence but may not be received as exhibits.

■ We now adopt the Uniform Rules of Evidence that publication by experts should be admitted in evidence to prove the truth of a matter stated therein if the judge takes judicial notice, or a witness expert in the subject testifies, that the treatise, periodical, or pamphlet is a reliable authority on the subject. Therefore, the cases of Travelers' Ins. Co. v. Davies, 152 Ky. 600, 153 S.W. 956 (1913), and Kentucky Public Service Co. v. Topmiller, 204 Ky. 196, 263 S.W. 706 (1924), and all other cases with holdings contrary to the view adopted herein, are now expressly overruled.

■ Although we consider the ruling herein adopted as being prospective, it is our opinion that the statements in the pamphlet were cumulative of other expert opinion evidence in the case and therefore harmless. The explanation in Topmiller, supra, that the evidence "went to the turning point of the case" is based upon a 1924 expression concerning a nonmedical text

that jurors tended to regard books as having more weight than oral testimony. We have recognized the sophistication of modern jurors when we deal with problems of evidence in the field of criminal law. Surely the juror of today is no less sophisticated in a civil case.

The court is of the opinion that other arguments advanced by appellant are without merit.

The judgment is affirmed.

All concur.