CITY OF MURRAY, Kentucky, by and through the City Commission of said City, consisting of John E. Scott, Individually and as Mayor of the City of Murray, Lloyd Arnold, Individually and as a member of the Common Council of the City of Murray, H. Ed Chrisman, Individually and as a member of the Common Council of the City of Murray, William R. Furches, Individually and as a member of the Common Council of the City of Murray, Ruby Hale, Individually and as a member of the Common Council of the City of Murray, Melvin Henley, Individually and as a member of the Common Council of the City of Murray, Howard Koenen, Individually and as a member of the Common Council of the City of Murray, Art Lee, Individually and as a member of the Common Council of the City of Murray, C. C. Lowry, Individually and as a member of the Common Council of the City of Murray, Woodrow Rickman, Individually and as a member of the Common Council of the City of Murray, Hugh T. Rushing, Individually and as a member of the Common Council of the City of Murray, Buell Stalls, Jr., Individually and as a member of the Common Council of the City of Murray, and Dave Willis, Individually and as a member of the Common Council of the City of Murray, Appellants,

v.

COMMONWEALTH of Kentucky, by and on relation of Arnold L. Mitchell, Commissioner of the Department of Fish and Wildlife Resources, Appellee.

Court of Appeals of Kentucky.

May 11, 1979.

Modified and Ordered Published
June 29, 1979.

J. William Phillips, Murray, for appellants.

Paul C. Gaines, III, Frankfort, for appellee.

Before GUDGEL, WHITE and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered on May 11, 1978, based on a jury verdict which awarded the amount of $2,308.00 against the City of Murray. The action arose as a result of a sewer lift malfunction which discharged raw sewage into the Clark's River, resulting in the death of certain species of fish. During September 1976, the appellant City was engaged in sewage collection and treatment, and as part of its system operated a lift station near Bee Creek, which had been designed and built according to specifications from the State of Kentucky, when without any negligence on the part of the appellant city, a malfunction occurred and sewage flowed into the stream killing the fish. On May 2, 1978, a jury trial was conducted and the jury made an award to the Commonwealth of Kentucky for the loss of aquatic life. This appeal followed.

Appellant makes the following arguments:

1) The trial judge committed reversible error in holding that KRS 150.460(1) imposes strict liability, disallowing the defense of the exercise of reasonable care by the appellants.

2) The trial court erred in denying to appellants the defense of contributory negligence on the part of the appellee, Commonwealth of Kentucky, in the original design of the sewage lift station.

3) The trial judge erred in permitting testimony, over objection, as to the cost of restocking fish which the appellee admitted it was not going to restock, nor were such fish available on the market.

4) The trial court erred in permitting hearsay evidence, over objection, as the sole evidence concerning the market value of the fish.

5) The trial judge erred in permitting hearsay evidence as to predetermined transportation costs.

6) The trial court erred in denying appellants' pretrial motion without any consideration of the merits.

7) The trial judge erred in volunteering its comments during the appellants' opening statement.

8) The trial court erred in denying appellants' objection to the closing argument of the appellee.

The principal question raised in this appeal deals with the construction of KRS

150.460 and other related statutes, as well as the defense available to the appellant, certain evidentiary issues, and other errors alleged to have occurred during and prior to the trial.

This Court affirms the judgment of the trial court and the jury verdict.

█ The trial judge was correct in instructing the jury using the language of KRS 150.460, and otherwise interpreting the statute to impose strict liability upon the appellant city. There is no question that the appellants' sewage lift station had malfunctioned and raw sewage was passing through the discharge valve so as to pollute the waters of the east fork of the Clark's River. The statute specifically prohibits such action without any regard to whether negligence is the cause. The act itself is prima facie evidence of the violation of the law by both the employer and the employee. The aquatic life in the streams of the Commonwealth have a value and are the property of all the citizens of the state. If the General Assembly had intended that damages be assessed only when negligence was established, it could have said so in the statute, but it did not. It is interesting to note that KRS 150.015 provides that all provisions of this act shall be liberally construed in such manner as to most effectually carry out its purposes and intent, which are declared to be the protection and conservation of wildlife. The doctrine of strict liability, where such liability attaches without proof of negligence, has been upheld on several other occasions in Kentucky. *Ulrich v. Kasco Abrasives Co.*, Ky., 532 S.W.2d 197 (1976); *Kroger v. Bowman*, Ky., 411 S.W.2d 339 (1967).

It is the holding of this Court that the trial judge did not commit reversible error in determining that KRS 150.460(1) imposes strict liability, disallowing the defense of reasonable care.

We now turn our attention to the other issues raised on appeal.

█ The penalty provisions of KRS 150.-990(4) provide for both civil and criminal penalties. The statute expressly states that in addition to such penalties, those found liable under this statute shall be assessed an amount reasonably necessary to restock such fish or wildlife which has been destroyed. The provision of a civil remedy for a violation does not make the statute a criminal statute. We are not persuaded by the appellants' attempt to analogize this statute with the criminal littering statute.

█ There is no reason to believe that the stipulation entered into by the parties relieved the appellant from any liability under the statute. The evidence is clear that the lift station was malfunctioning and that fish were killed in the river. The director of the municipal sewer system testified that the lift station was malfunctioning and had been dumping raw sewage into the Clark's River for three weeks. We do not believe that the stipulation can involve the construction of the lift station and thereby implicate the appellee under any reasonable interpretation of the doctrine of contributory negligence.

█ The trial court did not commit error in permitting testimony as to the cost of restocking the fish. The jury, after considering all the evidence, returned a verdict of $2,308.00, which was approximately $3,000.00 less than the amount originally sought in the complaint. There was no other evidence introduced as to the value of the fish killed. We believe that the jury gave proper consideration to the evidence. There is no reason to disturb the jury's decision.

█ The trial judge did not commit error in admitting the expert testimony of Pete Pfeiffer in regard to the value of the fish. The record indicates that witness Pfeiffer was Assistant Director of the Division of Fisheries for nine years, and previously had been employed by the Fish and Wildlife Resources Department for fifteen years. He had a bachelor's degree in aquatic biology from the University of Louisville. He testified from his own knowledge as to the value of the fish in question. The fact that he used a pamphlet as an aid in determining the value of the fish does not dis-

qualify him as an expert. The witness was available for cross-examination at trial and was extensively examined by the attorney for the appellants. Most of the evidence which pertained to the pamphlet in question was actually developed by cross-examination. The jury had an ample opportunity to determine the credibility and demeanor of the witnesses. We do not believe there is any reason to disturb the conclusion they reached. The appellants made no attempt to introduce other proof as to the value of the fish. We do not believe the case of *Heilman v. Snyder,* Ky., 520 S.W.2d 321 (1975), is applicable to this factual situation because the treatise or pamphlet involved was not introduced into evidence.

 The trial judge did not commit reversible error in permitting testimony regarding the amount of transportation costs. Two witnesses testified as to certain transportation charges for restocking the polluted stream. Here, the witnesses were available for cross-examination and we do not believe that this testimony amounts to hearsay. The jury had the right to determine the credibility of the witnesses and the weight they would give to the testimony.

It was not error for the trial judge to deny the appellants' "pre-trial motions" which were presented on the morning of the jury trial. This lawsuit had been pending for almost one year at the time of the trial. No notice was given to opposing counsel as to the nature or substance of the ten motions which were presented as the trial was to begin. The trial judge correctly noted that no reason or excuse was offered as to why the motions had not been previously presented to the court, and he determined that they were not timely and would not be considered at the time they were filed. The trial judge was clearly within his discretion in so acting. Actually, several of the motions were subsequently considered by the trial court during the trial.

The trial judge did not commit reversible error by his remark during a collo-

quy at the time of the opening statement of the appellant. The statement made by the trial judge was not prejudicial and appears to us to be harmless. At the time of the exchange between opposing counsel, no witnesses had been sworn and no evidence had been offered. Therefore, the authority of *Chism v. Lampach,* Ky., 352 S.W.2d 191 (1961), is not applicable to this situation. An examination of the entire record indicates that the contention that the appellee's closing statement was prejudicial to the appellants' case is without merit.

In this situation the appellee proved that the lift station had malfunctioned for a period of three weeks, discharging raw sewage into the stream, and that a fish kill resulted. There was no evidence to the contrary. The record indicates that there was sufficient evidence to establish the loss of fish and to place a value on the fish killed. The jury exercised its judgment in determining the amount to be awarded and we do not believe there is any reason to disturb the jury award.

Therefore, the judgment of the trial court and the jury verdict is affirmed.

All concur.